IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| STEPHEN HEWITT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17-00874-CV-W-ODS |
| | ) |
| SYNCHRONY BANK, | ) |
| | ) |
| Defendant. | ) |

## ORDER AND OPINION DENYING DEFENDANT'S MOTION TO DISMISS

Pending is Defendant's motion to dismiss for failure to state a claim. Doc. #6. For the reasons below, the Court denies the motion.

## I. INTRODUCTION

On October 16, 2017, Plaintiff filed his Complaint, alleging Defendant violated the Telephone Consumer Protection Act ("TCPA"). Doc. #1.[1] Plaintiff alleges he received calls, in June 2017, to his cellular telephone from Defendant attempting to collect a payment from Plaintiff. Plaintiff believes these calls were being made with an automatic telephone dialing system ("ATDS"). On or about June 21, 2017, Plaintiff alleges he revoked consent for Defendant to use an ATDS to place calls to him. Despite this revocation, Plaintiff alleges Defendant continued to make calls to his cellular telephone using an ATDS, in violation of the TCPA.

On November 7, 2017, Defendant moved to dismiss Plaintiff's Complaint, arguing Plaintiff failed to state a claim for relief under the TCPA and Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposed the motion, and the matter is now ripe for the Court's consideration.

---

[1] All factual statements are taken from Plaintiff's Complaint. Doc. #1. At this stage, Plaintiff's factual allegations must be accepted as true and reviewed in the light most favorable to Plaintiff. *See* Section II.

## II. STANDARD

The liberal pleading standard created by the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the…claim is and the grounds upon which it rests.'" *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff[ ]." *Stodghill v. Wellston Sch. Dist.*, 512 F.3d 472, 476 (8th Cir. 2008).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679. A claim is facially plausible if it allows the reasonable inference that the defendant is liable for the conduct alleged. *See Horras v. Am. Capital Strategies, Ltd.*, 729 F.3d 798, 801 (8th Cir. 2013); *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

## III. DISCUSSION

"Recognizing that automated calls are often a nuisance and an invasion of privacy, Congress passed the TCPA to balance individuals' privacy rights, public safety interests, and commercial freedoms of speech and trade." *Zean v. Fairview Health*

*Servs.*, 858 F.3d 520, 522-23 (8th Cir. 2017) (citation and internal quotation omitted). Relevant here, the TCPA makes it unlawful for any person "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice...to any telephone number assigned to a...cellular telephone service..." 47 U.S.C. § 227(b)(1)(A)(iii). "To state a plausible cause of action under the TCPA, [a plaintiff] must allege that: (1) a call was made; (2) the caller used an ATDS or artificial or prerecorded voice; (3) the telephone number called was assigned to a cellular telephone service; and (4) the caller did not have prior express consent of the recipient." *Ueckert v. State Farm Bank, F.S.B.*, No. 17-CV-05094, 2017 WL 3981136, at *1 (W.D. Ark. Sept. 11, 2017) (citation omitted).

Defendant argues Plaintiff failed to sufficiently plead Defendant's alleged use of an ATDS to place calls to Plaintiff. Defendant cites a litany of district court decisions in which a TCPA claim was dismissed when the complaint "merely stat[ed] that a defendant used an ATDS and/or reciting statutory language." Doc. #6, at 5-8. This Court recognizes nearly every case cited by the parties originated in district courts outside the Eighth Circuit and its associated district courts. This Court has found, more often than not, district courts within the Eighth Circuit find TCPA complaints sufficient when the plaintiff alleges use of an ATDS and makes supporting factual allegations. *Compare Ueckert*, 2017 WL 3981136, at *2; *Soular v. N. Tier Energy LP*, No. 15-CV-556, 2015 WL 5024786, at *2-3 (D. Minn. Aug. 25, 2015); *Rouse v. Delta Air Lines, Inc.*, No. 15-1642, 2015 WL 4636726, at *2-3 (D. Minn. Aug. 4, 2015); *Hashw v. Dep't Stores Nat'l Bank*, 986 F. Supp. 2d 1058, 1060-61 (D. Minn. 2013), *with Margulis v. Generation Life Ins. Co.*, 91 F. Supp. 3d 1165, 1167-1168 (E.D. Mo. 2015).

This Court also finds persuasive authority regarding the unreasonableness of requiring Plaintiff to plead specific details about the use of an ATDS prior to the benefit of discovery. *See, e.g.*, *Johansen v. Vivant, Inc.*, No. 12C7159, 2012 WL 6590551, at *3 (N.D. Ill. Dec. 18, 2012) ("We agree that it is unreasonable to require a plaintiff in a TCPA complaint, without the benefit of discovery, to elaborate on the specific technical details of a defendant's alleged ATDS...."); *Torres v. Nat'l Enter. Sys., Inc.*, No. 12C2267, 2012 WL 3245520, at *3 (N.D. Ill. Aug. 7, 2012) (stating "it would be virtually impossible, absent discovery, for any plaintiff to gather sufficient evidence regarding the

3

type of machine used for a communication...."). As these cases and many others correctly note, it will be Plaintiff's burden at the summary judgment stage to prove Defendant used an ATDS. However, at the motion to dismiss stage, Plaintiff must merely allege the use of an ATDS and make supporting factual allegations. *Ueckert*, 2017 WL 3981136, at *2.

Plaintiff's Complaint is thin, but he has sufficiently pleaded Defendant used an ATDS machine such that Defendant's Rule 12(b)(6) challenge is denied. The Complaint alleges Defendant used an ATDS to place calls to his cellular telephone "in connection with an attempt to collect payments from Plaintiff." Doc. #1, ¶¶ 7, 10, 12, 18. Plaintiff alleges he revoked consent to receive calls from Defendant using an ATDS. Doc. #1, ¶¶ 13-14. The factual circumstances in the Complaint also support Defendant's alleged ATDS use. Plaintiff estimates he received "at least forty-five" calls, and these calls were made "on consecutive days, at least twice per day, including mornings, nights and weekends." Doc. #1, ¶¶ 11, 16-17.

Although Plaintiff does not detail whether a pre-recorded message or human voice would respond if he answered or whether any voicemails were left if he did not answer, the number of calls and timing can imply Defendant used an ATDS to place these calls. *See Ueckert*, 2017 WL 3981136, at *2. This is sufficient to plausibly allege Defendant used an ATDS to contact Plaintiff. Requiring more at this stage would be contrary to the intent of the TCPA, and contrary to the Federal Rules of Civil Procedure. Accordingly, the Court denies Defendant's motion to dismiss.

## IV. CONCLUSION

For the foregoing reasons, the Court denies Defendants' motion to dismiss. Defendant's answer to Plaintiff's Complaint is due within fourteen days. *See* Fed. R. Civ. P. 12(a)(4)(A).

IT IS SO ORDERED.

DATE: December 12, 2017

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT